## WILLINGHAM v. THE STATE.

1. The permission given by the court, to the solicitor, to enter a *nolle prosequi*, and to prefer a new indictment, corresponding with the facts constituting the alledged offence, is not such a judgment, as a writ of error will lie from.

Error to the Circuit Court of Randolph.    Before the Hon. G. W. Stone.

THE plaintiff was indicted as the overseer of a road, and

there being a variance, as to the allegations, and the proof, in the description of the road, and the defendant refusing to permit an amendment to be made, the court permitted the solicitor to enter a *nol. pros.*, with leave to, prefer a new indictment, binding the defendant over to answer the new bill. This is now assigned as error.

ATTORNEY GENERAL, for the State.

1. The court was right in suffering the State to amend by consent, or bind over. There was no radical departure from the bill as found by the grand jury, and the amendment was intended to punish the same offence as the original indictment. Clay's Dig. 439, § 11; State v. Dunham, 9 Ala. Rep. 76.

2. The writ of error will not lie in this case. These errors, if any, are more properly pleadable to the next indictment, when found. If the statute of limitations had not expired, the State had the right to dismiss for any defects in the indictment, and bind over to answer a new bill. If the statute of limitations had run, and this was not such a variance as was contemplated Clay's Dig. 439, § 11, then the matters now assigned for error, might be pleaded in bar to the new indictment, and if not properly allowed, then a writ of error would lie to this court. There is too much abstraction in the matter as it now stands.

CHILTON, J.—The writ of error in this case must be dismissed. There is no judgment against the defendant, from which a writ of error will lie; the error complained of is, that the court permitted the State's solicitor to enter a *nolle prosequi*, so as to prefer a new indictment, corresponding with the facts constituting the alledged offence. The judgment of the court discharges the defendant from the former indictment, and if he was improperly detained in custody after the *nolle prosequi* was entered, this is not his remedy.

Writ of error dismissed.