voidable, it could not be ratified until after the party had arrived at the age of consent.—Bishop on Marriage and Divorce, §§ 59, 194, 196.

JNO. W. A. SANFORD, Attorney-General, for the State, cited the case of *Beggs v. The State,* at the present term.

STONE, J.—Bills in equity, not verified by the complainant, are regarded as the suggestions of counsel, and are not evidence of any fact alleged in them, between the same, or other parties, in another suit.—*Stetson v. Goldsmith,* 30 Ala. 602, 606-607 ; 1 Brick. Digest, 829, § 353. The Circuit Court erred, in allowing the bill in chancery, filed by defendant for divorce, to be read in evidence.

2. In the case of *Beggs v. The State,* at the present term, there is a full discussion of the question, whether the marriage of a person within the age of consent is void or voidable. We held, that such marriage was only voidable ; and that " until disaffirmance, it is a marriage in fact, and the second marriage of either party is bigamy." The rulings of the Circuit Court in the matter of the charges given and refused, as shown by this record, are in accordance with the principles declared in *Beggs v. The State,* and are free from error.

For the single error above pointed out, the judgment of the Circuit Court is reversed, and the cause remanded. Let the prisoner remain in custody, until discharged by due course of law.

# May v. The State.

*Indictment for Burglary.*

1. *When error or appeal lies.*—An order of the Circuit or City Court, holding the accused to answer an indictment, if one should be preferred against him, is not such a judgment as will support an appeal or writ of error to this court.

2. *Verdict of guilty on one count, in indictment containing several.*—A verdict of guilty on one count only, where the indictment contains several counts, operates an acquittal as to the others; and if the judgment be arrested, on account of the insufficiency of that count, a new indictment can only be preferred for the offense therein charged.

FROM the City Court of Mobile.
Tried before the Hon. O. J. SEMMES.
The defendant in this case, Edmund May, was indicted for

[May v. The State.]

burglary in breaking into and entering a "hen-house," the property of Manuel Forcheimer, with intent to steal. The indictment contained three counts, in which the house broken into was described as—1st, "a building within the curtilage of the dwelling-house ;" 2d, "a building, structure, or inclosure, commonly known and described as a hen-house, within the curtilage of the dwelling-house ;" and, 3d, "the hen-house of Manuel Forcheimer, in which goods, wares, merchandise, or other valuable things, to-wit, one dozen hens, of the value of fifty cents each, and one rooster, of the value of fifty cents, were at the time kept for use, sale, or deposit." On the trial, the jury returned a verdict of " guilty as charged in the third count." Afterwards, the defendant moved in arrest of judgment, " on the ground that the third count charged no offense ;" and the court sustained the motion. The defendant then asked to be discharged, but the court refused to discharge him, and ordered him to be held in custody to answer a new indictment ; to which ruling the defendant excepted, and he here assigns it as error.

ALEX. McKINSTRY, for the prisoner, contended that the verdict amounted to an acquittal as to the first and second counts, and the defendant could not be held to answer a new indictment : citing *Bell & Murray v. The State*, 48 Ala. 684; *Coleman & Owens v. The State*, 3 Ala. 14; *Nancy v. The State*, 6 Ala. 483 ; *Burns v. The State*, 8 Ala. 313.

JNO. W. A. SANFORD, Attorney-General, for the State, cited Rev. Code, § 4146.

BRICKELL, C. J.—It is only from a final judgment of conviction that an appeal or writ of error will lie to this court. R. C., chap. 12, part 4, tit. 3. The present appeal is taken from a mere order of the City Court holding the appellant to answer an indictment, if one should be preferred by the grand jury ; and must be dismissed.

It is proper, however, to say, the verdict of the jury was an affirmation of the defendant's innocence of the offenses charged in the first and second counts of the indictment, and of his guilt only of the offense charged in the third count. The arrest of the judgment, because of the insufficiency of the third count, did not disturb the verdict on the first and second counts, nor lessen its force as an acquittal of the defendant, final and conclusive, of the offenses therein charged. *Bell & Murray v. State*, 48 Ala. 684. The City Court was in error in holding the accused to answer an indictment embracing these offenses ; and if such indictment should be

found, a plea of former acquittal would be a full answer to it, and afford the appellant ample protection.

The appeal is dismissed.