(103 So. 705)

### Ex parte SPELCE.

### SPELCE et al. v. STATE.

### (8 Div. 723.)

(Supreme Court of Alabama. March 26, 1925.)

**1. Courts ⚖116(4)—Trial court has right, during term ex mero, to amend bench notes.**

In murder prosecution, trial court had right, during term ex mero, to amend bench notes to make it speak the truth relative to reasons for granting mistrial in former prosecution, and might proceed on assumption that in due time minutes would be made to show order as amended.

**2. Criminal law ⚖1167(5)—Any error in ruling on defendant's plea of former jeopardy held harmless.**

In murder prosecution, any error in ruling on defendant's plea of former jeopardy, before minute entry had actually been written by clerk, showing that mistrial in former prosecution had been ordered because of death of mother of one of jurors, *held* harmless, since court knew its own records and that plea could not be sustained.

Certiorari to Court of Appeals.

Petition of George Spelce for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Spelce et al. v. State, 103 So. 694. Writ denied.

---

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Lanier & Pride and Douglass Taylor, all of Huntsville, and J. F. Thompson, of Birmingham, for petitioner.

The trial court has no right to discharge a jury considering a case before rendition of a verdict, except in the manner and for the reason provided by statute. Code 1907, § 7314; Andrews v. State, 174 Ala. 11, 56 So. 998; Reynolds v. State, 1 Ala. App. 24, 55 So. 1016.

Harwell G. Davis, Atty. Gen., opposed.

Brief of counsel did not reach the Reporter.

SAYRE, J. [1, 2] Defendant interposed a plea of former jeopardy. The state's demurrer was sustained. Defendant complains of this ruling as error and insists that the sufficiency of the plea should be determined on the facts therein alleged. The substance of the plea was that the jury on a former trial had been discharged without a verdict, and that the order for such discharge failed to show a sufficient reason therefor. On the day on which the plea was filed, the same being a day of the term at which the former trial had been had, the judge of the circuit who had presided at the former trial, acting ex mero, amended the bench note so as to make it show beyond peradventure a sufficient legal and constitutional reason for the discharge of the jury on the former trial, and, thereupon, the demurrer to defendant's plea was sustained, though, as yet, the minute entry showing the amendment had not been written by the clerk. It may be conceded that there was technical error in this ruling against the plea, for, as defendant contends, the sufficiency of the plea was determinable on the facts alleged therein and without reference to facts aliunde. The Court of Appeals was of opinion that the ruling in question, if error, was error without injury for the reason that, "if he [defendant] were given another trial, he would be confronted by the minute entry" showing the amendment of the order discharging the jury. We concur in the opinion that the trial court had the right during the term, ex mero, to amend the bench note to make it speak the truth and that the trial court might well proceed on the assumption that in due time the minutes would be made to show the order as amended. We also concur in the ruling to this effect, in substance, that, if there was error in the trial court's ruling on the demurrer, it could avail defendant nothing; this for the reason, as the matter appears to us, that the court knew its own records and therefore knew the plea could not be sustained, so that the plea was due to be overruled—in fact, the method of arriving at the result being not of controlling importance.

The court is not of opinion that reversible error is shown of the other rulings of the Court of Appeals complained of in the defendant's petition for certiorari.

The petition must be denied.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.