106 So.2d 671

**Ex parte William Dale SHIRLEY.**

**6 Div. 574.**

Court of Appeals of Alabama.

Oct. 7, 1958.

Rehearing Denied Oct. 28, 1958.

J. J. Cockrell, G. Ernest Jones, Sr., and G. Ernest Jones, Jr., Birmingham, for petitioner.

John Patterson, Atty. Gen., and Wm. C. Younger, Asst. Atty. Gen., for respondent.

HARWOOD, Presiding Judge.

This is an original petition for mandamus, the purpose of which is to require the respondent judge to expunge from an order dismissing the prosecution under an indictment charging the petitioner with a felony, that part of the order holding the petitioner for further indictment by the grand jury.

Briefly summarized the case made by the petition for the writ is the following:

The petitioner was put to trial upon an indictment, in several counts, alleging that he corruptly procured one Gayle Gene Holsomback on her examination as a witness on the trial of a criminal prosecution against the petitioner, defendant, to swear falsely to a stated fact, etc. Upon introduction of the State's first witnesses, defendant interposed objections, and by these objections and otherwise it became evident that the proof would show the name of the allegedly suborned witness to be Holsonback. Thus bringing about a variance between the pleading and the proof. After some preliminaries and discussions, the State's solicitor offered an amendment to the indictment. Whether or not the defendant would consent to the amendment brought forth the somewhat lengthy proceedings disclosed by the petition for mandamus and exhibits thereto. The end result was an order of the respondent, pursuant to Section 254, Title 15 of the Code, and in the form prescribed, dismissing the prosecution on the basis of defendant's refusal to consent to the amendment and holding him to subsequent action of the grand jury.

As we interpret the petition and the entire record presented to us, the petitioner's contention is that his constitutional rights have been infringed in these particulars: First that it affirmatively appears that the petitioner as defendant consented to the amendment, and that the respondent judge was unauthorized to dismiss the case. Second, that the part of the order holding defendant to the grand jury was after the jury had been discharged and at a time when defendant and his counsel were not present. We deal with these contentions in this order. .

■ First, as to defendant's consent vel non. The record discloses that after an exchange of remarks, questions and statements on the part of the judge and counsel both for the State and the defendant, the judge excused the jury and requested a conference in his chambers. with the respective counsel. At this conference, it appears, the judge informed defense attorneys that failure to consent to the amendment would necessitate a dismissal of the case and holding of defendant over. No definite agreement having been reached in the conference, there was. a subsequent resumption of proceedings in open court, and the jury recalled. The judge thereupon interrogated defense counsel as to consent to the amendment which had been offered on the part of the State. What transpired was, we are convinced, far from an unequivocal consent to the proposed amendment. At most, it was a consent that the solicitor file his amendment—which apparently was not examined by defense counsel—but that defendant reserved the right to subsequently interpose any valid objection. It was clearly within the province of the trial judge so to interpret the responses made by defense counsel and to conclude that there was no consent, and in consequence to. order a dismissal, which he did.

■ By the terms of the statute,. Code, Title 15, Section 253, an indictment may only be amended by consent of defend-

ant, and it has been consistently held that to permit an amendment, without consent, even in an immaterial matter, is reversible error. Gregory v. State, 46 Ala. 151; Shiff v. State, 84 Ala. 454, 4 So. 419; Dix v. State, 8 Ala.App. 338, 62 So. 1007. Even where defendant consents to an amendment, if the amendment as received is not within the terms of the consent, this will work a reversal. Stone v. State, 105 Ala. 60, 17 So. 114. Unquestionably the trial judge is authorized to enter a nol pros and order a new indictment where defendant will not consent to an amendment offered to meet a variance. Code, Title 15, Section 254; Cunningham v. State, 117 Ala. 59, 23 So. 693.

■ Second, as to the circumstances under which the order or orders were made. Petitioner contends that the order in toto should have been delivered before the jury retired, as provided by the statute, Section 254, supra. That statute reads in pertinent part: "If the defendant will not consent to such amendment, the prosecution may be dismissed *at any time before the jury retires,* as to the count in the indictment to which the variance applies; and the court may order another indictment to be preferred at a subsequent time, in which case an entry of record must be made," etc., setting out the form of such order. A reading of this statute is sufficient to show that the underscored words merely fixed the time when the prosecution may be dismissed because of a variance. Before the jury *retires,* means before it has retired to deliberate and reach a verdict, not, as petitioner contends, before it is dismissed. Reeves v. State, 31 Ala.App. 226, 16 So.2d 697. The statute does not require, nor can we perceive any reason for requiring that the order in final form be made while the jury is in the box. Indeed, when the court announces a dismissal and dismisses the jury, the jury's function is at an end.

■ While it is not questioned that defendant was present when the order of dismissal was made, it is insisted that the order remanding him to custody was void for the reason that it was made out of the presence of the defendant. This argument is based upon the constitutional requirement (Section 6) "That in all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either", and the pronouncements of our cases that in prosecutions for felony the prisoner must be personally present in court when the verdict is rendered. Huffman v. State, 35 Ala.App. 607, 51 So.2d 266, and cases collected in 6A Ala.Dig., Criminal Law, ⌖ 636(8). But the order here involved is not a verdict, nor even a judgment from which an appeal or writ of error will lie. Willingham v. State, 14 Ala. 539; May v. State, 55 Ala. 164; Smith v. State, 253 Ala. 277, 44 So.2d 250. Proceedings under Title 15, Section 254, Code, wherein dismissal is entered and defendant bound over to answer a new indictment, furnishes no ground for a plea of former jeopardy. White v. State, 49 Ala. 344; White v. State, 86 Ala. 69, 5 So. 674; Mitchell v. State, 16 Ala.App. 635, 80 So. 730; Oliver v. State, 234 Ala. 460, 175 So. 305.

Nor can it be said defendant's right to be present "at all important stages of trial" (Kelley v. State, 32 Ala.App. 408, 26 So. 2d 633, 635; 6A Ala.Dig., Criminal Law, ⌖ 636) was here violated. As we have shown, making of the questioned order was no part of the trial, the trial having ended with dismissal of the prosecution.

What we have said is sufficient upon which to base our conclusion that the writ of mandamus should be denied. We may observe, however, that there is factual conflict on the question whether or not at the time of directing a dismissal of the case the trial judge also ordered the defendant held to the grand jury—all this in the presence of the defendant.

Mandamus denied.