264 So.2d 571

Robert N. PRATT

v.

STATE.

6 Div. 353.

Court of Criminal Appeals of Alabama.
June 30, 1972.

McCollough, McCollough & Callahan,
Birmingham, for appellant.

William J. Baxley, Atty. Gen., and David
W. Clark, Asst. Atty. Gen., for the State.

**342**

TYSON, Judge.

The indictment charges the appellant with the statutory crime of obtaining property by false pretenses. Title 14, Section 209, Code of Alabama 1940 (Recompiled 1958). Jury trial resulted in a verdict of guilty, and judgment set sentence at one year and 360 days in the County Jail, which was subsequently reduced to thirty days in the County Jail and four years probation.[1]

The indictment consists solely of one count, alleging that:

"ROBERT N. PRATT did falsely pretend to Richard E. Mertrud with intent to defraud that he was an attorney at law qualified to practice law under the laws of Alabama, and by means of such false pretense obtained from the said Richard E. Mertrud one cashier's check of the value of Four Hundred Twenty-Five Dollars and Eighteen Dollars of the lawful currency of the United States of America, a more particular description and denomination of which is to the Grand Jury otherwise unknown, the personal property of Richard E. Mertrud, against the peace and dignity of the State of Alabama."

Richard E. Mertrud, prosecuting witness, testified that on May 21, 1970, he came to Alabama from New Jersey for the purpose of securing a divorce. He stated that he had previously contacted appellant by telephone with regard to obtaining a divorce through him, at which time appellant identified himself as an Alabama attorney. Subsequent to this telephone conversation, Mertrud received an answer and waiver form, admittedly sent by appellant, which he had his wife sign before coming to Alabama. Copies of said forms were introduced in evidence along with the envelope they were mailed in, which listed the appellant as "Attorney at Law."

Mertrud testified that after arriving in Birmingham on May 21, 1970, he contacted appellant who came to his motel room. When Mertrud asked for appellant's qualifications, appellant handed him a card and identified himself as an attorney. Mertrud stated that he then gave appellant a cashier's check in the amount of "425.00 and $18.00 in cash." A receipt therefor was introduced in evidence which identified the appellant as an attorney and listed his local address. Mertrud left Birmingham the next day, May 22, 1970.

Mertrud next returned to Birmingham on October 19, 1970. In the meantime he had conversations with appellant by telephone pertaining to the divorce. On this second trip to Birmingham, Mertrud testified that appellant again identified himself as an attorney. The divorce decree, which Mertrud ultimately received, was introduced in evidence along with business cards, which appellant admitted having given to Mertrud, the same identifying appellant as an attorney.

The State's next witness was Fred J. Harp, a police officer for the City of Mountain Brook. Harp testified that at the request of the District Attorney he was present at a meeting in Birmingham at Mertrud's motel room between the appellant and Mertrud. It was his testimony that during this meeting appellant stated he was at that time an attorney. He further stated that the heard Mertrud ask appellant if he had the divorce papers, and appellant said that he would bring them the next day.

Following Officer Harp's testimony, there was a stipulation to the effect that on July 6, 1964, the appellant had voluntarily surrendered his license to practice

---

1. We do no pass upon the apparent attempt to set punishment at thirty days and subsequent. probation for four years.

law, and since that time had not been a licensed practicing attorney in Alabama.

Appellant took the stand in his own behalf and admitted having voluntarily surrendered his license to practice law in 1964. He stated that he had been engaged in the real estate business for the last four years.

Appellant testified that he received a telephone call from Mertrud in May, 1970; that Mertrud told him that a lawyer in New Jersey, by the name of Steinberg, had referred him to appellant concerning obtaining an Alabama divorce. It was appellant's testimony that he told Mertrud he could not handle the divorce personally, but that he would get someone to handle it. He admitted sending Mertrud an answer and waiver form upon request. Appellant further admitted receiving a cashier's check for $425.00 from Mertrud, and $16.00 or $18.00 in cash, but stated that upon receipt of these items he again told Mertrud that someone other than himself would be handling the divorce.

In relation to the business cards, which identified appellant as a lawyer, appellant admitted giving these to Mertrud at Mertrud's request in order that he might have something to show his girlfriend or wife that he was dealing with an attorney in Birmingham. Appellant insisted that at no time did he represent to Mertrud that he was a practicing attorney.

### I

■ Title 15, Section 325, Code of Alabama 1940 (Recompiled 1958); reads as follows:

"*Legal punishments specified; when court may sentence to hard labor.*—The only legal punishments, besides removal from office and disqualification to hold office, are fines, hard labor for the county, imprisonment in the county jail, imprisonment in the penitentiary, which includes hard labor for the state, and death by electrocution. And in all cases in which the period of imprisonment in the penitentiary or hard labor for the county is more than two years, the judge must sentence the party to imprisonment in the penitentiary; and in all cases of conviction for felonies, in which such imprisonment or hard labor is for more than twelve months, and not more than two years, the judge may sentence the party to imprisonment in the penitentiary, or confinement in the county jail, or to hard labor for the county, at his discretion, any other section of this code to the contrary notwithstanding; and in all cases in which the imprisonment or sentence to hard labor is twelve months or less, the party must be sentenced to imprisonment in the county jail, or to hard labor for the county. Provided, however, no misdemeanor prisoner may be sentenced to the penitentiary.

"This section shall not be construed to relieve the board of corrections of any responsibility imposed upon it by law to make payment of costs under section 72, Title 45, Code of Alabama, or any other provisions of law applicable thereto. (1943, p. 401, appvd. July 8, 1943; 1957, No. 61, §§ 1, 2, appvd. June 21, 1957.)"

We are of the opinion that the judgment and sentence in the instant case fall within the purview of this statute.

### II

After the State and the defense had rested, the jury retired to deliberate for a short time before court recessed for the day. When court reconvened the following morning, the appellant moved for a mistrial, assigning as grounds the fact that the jury was allowed to separate overnight without his consent or written approval. The record, page 154, bears out this contention. The trial court overruled the motion for mistrial without affording the State an opportunity to respond or present any testimony to show that no injury resulted from this separation.

In this regard Title 30, Section 97(1), Code of Alabama 1940 (Recompiled 1958), is controlling, and sets forth the following:

*"Separation of jury by consent.*—The provisions of this section shall apply only in the circuit court in counties having a population of 140,000 or more according to the last or any subsequent federal census.

"If the accused and his counsel and also the prosecuting attorney, in any prosecution for felony, whether capital or non-capital consent thereto in open court, the trial court in its discretion may permit the jury trying the case to separate during the pendency of the trial, whether the jury has retired or not. A separation so permitted shall not create a presumption of prejudice to that accused, but on the contrary it shall be prima facie presumed that the accused was not prejudiced by reason of the separation of the jury.

"It shall be improper for the trial court to ask the accused, counsel for the accused, or the prosecuting attorney in the hearing of the jury whether or not he or they will consent to a separation of the jury pending the trial. It shall be improper for the accused or counsel for the accused, or the prosecuting attorney to state to the trial court in the hearing of the jury that he or they consent to a separation of the jury pending the trial. (1943, p. 358, appvd. July 8, 1943.)"

■ It is well settled that where it appears from the record that the trial court, without the defendant's consent, allows the jury to separate during the trial of a felony case, such creates prima facially a cause for reversal. This Court per Cates, J., in Lee v. State, 47 Ala.App. 548, 258 So.2d 743, 745, said:

"We have three well-settled rules: *First*, during the trial of a felony the jury is to be kept together; *Second*, if the jury does separate, that fact is, prima facie, error to reversal; and *Third*, to overcome this presumption of error, the State has the onus of establishing that the separated juror or jurors were not subject to influence or contacts which *might* have swayed them in reaching the verdict."

■ Thus, where, as here, the separation is shown, the burden is on the State to affirmatively show that no injury resulted to the defendant from the separation. Arnett v. State, 225 Ala. 8, 141 So. 699; Payne v. State, 226 Ala. 69, 145 So. 650; Mitchell v. State, 244 Ala. 503, 14 So.2d 132; Lynn v. State, 250 Ala. 384, 34 So.2d 602; Christison v. State, 39 Ala. App. 175, 96 So.2d 701; Lee v. State, supra.

■ In light of these authorities, we have carefully examined the record and find therein no agreement, written or otherwise, to allow the trial jury to separate overnight during trial. Moreover, this point is conceded by the State on appeal. Therefore, we hold, the court below should have granted appellant's motion for a mistrial because of this.

### III

On August 26, 1971, appellant filed a plea of former jeopardy. In support of such plea, appellant introduced a certified copy of an indictment in another case (Jefferson Circuit Court; No. 22156) wherein he contends he was charged with the same offense as in the present case. In the first case, the trial court dismissed the prosecution because of a variance between the indictment and the proof and ordered that another indictment be preferred. A certified copy of the indictment and trial docket sheet in that case were introduced in evidence in the case at bar. The indictment reads as follows:

"The grand jury of said county charge that, before the finding of this indictment, ROBERT N. PRATT did falsely pretend to Richard E. Mertrud with intent to defraud, that he was an attorney at law qualified to practice law under the laws of Alabama and by means of such false pretense obtained from the said Richard E. Mertrud the sum of

Four Hundred Forty Three Dollars, against the peace and dignity of the State of Alabama."

Contained therein also was the following order:

"JUNE 7, 1971 In this case it appeared from the evidence that there was a variance between the allegations of the indictment and proof in this that the indictment charged the defendant with obtaining Four Hundred forty three dollars and the proof showed that the defendant obtained a cashiers check for Four hundred forty three; and the defendant not consenting to allow the indictment to be amended, the prosecution was dismissed before the jury retired, and another indictment was ordered to be preferred.

/s/ John D. Snodgrass, Cir. J.

"JUNE 7, 1971 Defendant by his attorney orally objects to above order.

/s/ John D. Snodgrass, Cir. J."

It appears from the court's order that there was in fact a material variance between the indictment and the proof. This ruling here is fully supported by Hendrix v. State, 17 Ala.App. 116, 82 So. 564, and O'Brien v. State, 238 Ala. 189, 191 So. 391.

Thus, there was provided a field of operation for Title 15, Section 254, Code of Alabama 1940 (Recompiled 1958), on which the trial court obviously relied in entering such order. The statute reads as follows:

*"When nol. pros. entered, and new indictment ordered to be preferred.*—If the defendant will not consent to such amendment, the prosecution may be dismissed at any time before the jury retires, as to the count in the indictment to which the variance applies; and the court may order another indictment to be preferred at a subsequent time, in which case an entry of record must be made to the effect following:

" 'The State ⎫ In this case, it appeared
v. ⎬ from the evidence that
A. B. ⎭ there was a variance between the allegations of the indictment and the proof in this (setting out the variance); or it appeared from the evidence that the defendant's name was . . . (stating it); and the defendant not consenting to allow the indictment to be amended, the prosecution was dismissed before the jury retired, and another indictment was ordered to be preferred.' "

Appellant's contention is that the foregoing statute is unconstitutional when federal double jeopardy standards are applied to this case.

In Oliver v. State, 234 Ala. 460, 175 So. 305, our Supreme Court spoke directly to this question:

"The acquittal of a defendant because of variance does not prevent trial on a new indictment conforming to the case made by the evidence. The accused is held to have never been in jeopardy, since the crime charged is not the same in the sense that it is not sustainable by the same proof, as in the former indictment. 16 C.J. p. 243, § 380; Martha v. State, 26 Ala. 72.

"This principle is recognized in our statute, Code § 4551, providing that, where no conviction can be had because of a variance, the defendant not consenting to an amendment, the prosecution may be dismissed before the jury retires, as to any count in the indictment to which the variance applies, and another indictment ordered."

And in Ex parte Shirley, 39 Ala.App. 634, 106 So.2d 671, cert. den. 268 Ala. 696, 106 So.2d 674, we find the rule thus stated:

". . . Unquestionably the trial judge is authorized to enter a nol pros and order a new indictment where defendant will not consent to an amendment offered to meet a variance. Code, Title 15, Section 254; Cunningham v. State, 117 Ala.

59, 23 So. 693." See also Wright v. State, 40 Ala.App. 683, 122 So.2d 555.

Moreover, the general rule in this State showing proper practice on trial of pleas of former jeopardy in Parsons v. State, 179 Ala. 23, 60 So. 864, holds:

"Under the established practice in this state, the issue of former acquittal, conviction, or jeopardy must be tried separately and in advance of the issue of not guilty; and in felony cases the defendant cannot waive the operation of the rule. State v. Nelson, 7 Ala. 610; Faulk v. State, 52 Ala. 415; Moody v. State, 60 Ala. 78. . . ."

It is submitted in the present case that the appellant at Trial I moved to exclude the evidence on the theory of a variance between the count shown in the indictment, as hereinabove set forth, and the proof submitted, resulting in the order above quoted. This plea and the supporting exhibits were not ruled upon ·by the court or submitted to the jury prior to trial, but reserved by the court for subsequent ruling. At the close of the State's evidence, this plea was insisted upon, and at that time the trial court overruled the plea of former jeopardy without submitting it to the jury. The situation thus presented by this record is therefore controlled by Shiflett v. State, 37 Ala.App. 300, 67 So.2d 284, where this Court, per Harwood, J., stated:

"Ordinarily, an issue of former jeopardy, either of acquittal or conviction should be tried separately and in advance of the issue of not guilty. Parsons v. State, 179 Ala. 23, 60 So. 864. Technically therefore the court below acted improperly in determining the issues raised by the pleas of jeopardy. But, as stated by the late Chief Justice Gardner when considering a question similar to the one now before us, 'to have a reversal of a judgment of conviction there must not only appear error, but such error as is prejudicial to the substantial rights of the party.' See Mikell v. State, 242 Ala. 298, 5 So.2d 825, 827.

"Where, as in this case, a defendant moves to exclude the evidence on the theory of a variance between the averments of an indictment and the proof submitted, and invokes a ruling in his favor, and the Solicitor, as authorized by statute, obtains an order that the defendant be held to answer a proper indictment, the defendant is not considered as having been in jeopardy, and is estopped from pleading that trial as former jeopardy. Mitchell v. State, 16 Ala. App. 635, 80 So. 730, and cases cited therein.

"Thus, in the present case, the very record evidence introduced by the defendant in support of his pleas of former jeopardy show that said pleas could not avail even had the issues being submitted to the jury. The result being the same regardless of the procedural methods employed, the appellant was not prejudiced in his substantial rights by the action of the court in denying the pleas without submitting them to a jury. Spelce v. State, 212 Ala. 559, 103 So. 705; Mikell v. State, supra; Sup.Ct. Rule 45, Code 1940, Tit. 7 Appendix." Inman v. State, 39 Ala. App. 496, 104 So.2d 448.

We do not believe that the rationale of Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707; Gori v. United States, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901; and United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543, is applicable to the case at bar due to the distinctions drawn by our courts in the authorities as set forth above. Therefore, we do not believe these recent United States Supreme Court opinions to be inconsistent with our holding here.

Hence, we are of the opinion that the trial court's action in dismissing the prosecution and ordering a new indictment at Trial I to be preferred was correct. Hendrix v. State, supra; O'Brien v. State, supra; Oliver v. State, supra. The action of the trial court in overruling appellant's plea of former jeopardy was therefore not

prejudicial error. Shiflett v. State, supra; Inman v. State, supra.

Since other points argued in brief will likely not occur on retrial, we pretermit consideration. For the error previously shown, the judgment is due to be reversed and the cause is hereby remanded.

Reversed and remanded.

CATES, P. J., and ALMON and HARRIS, JJ., concur.