LEIGH M. CLARK, Retired Circuit Judge.
Appellant was tried, convicted, and sentenced to ten years imprisonment on an indictment charging as follows:
*1151 “The grand jury of said county charge that, before the finding of this indictment, Clover Lee Moore, whose name is to the grand jury otherwise unknown, feloniously took Six Dollars of the lawful Currency of the United States of America, a more particular description and denomination of which is otherwise unknown to the grand jury, one ladies’ watch of the value of Seventeen Dollars, and one diamond ring, the value of Two Hundred Fifty Dollars, the personal property of Polly Jane Rogers, from her person and against her will, by violence to her person or by putting her in such fear as unwillingly to part with the same.”
Defendant interposed a plea of former jeopardy, to which the State demurred. At the hearing on the demurrer to the plea the parties entered into some stipulations as to what happened as to the former case that constituted the basis for the plea of former jeopardy, and evidence was presented by defendant with the apparent understanding of all concerned that the court would appropriately take into consideration such stipulations and evidence in arriving at a ruling on the demurrer to the plea. After argument by the parties and submission of the matter to the court, the court sustained the State’s demurrer to the plea of former jeopardy, and the trial then commenced, and was concluded on the issue raised by defendant’s plea of not guilty.
The record before us shows that in the case relied upon as a basis for the plea of former jeopardy there was an indictment against defendant-appellant as follows:
“The grand jury of said county charge that, before the finding of this indictment, Clover Lee Moore, whose name is otherwise unknown to the grand jury, feloniously took Six Dollars of the lawful currency of the United States of America, a more particular description and denomination of which is unknown; one ladies watch of the value of Seventeen Dollars and one diamond ring of the value of Two Hundred Fifty Dollars, the personal property of Polly Jane Rogers, from her person or by putting her in such fear as unwillingly to part with the same.”
The record also shows that there was a trial on the last quoted indictment to the conclusion of the evidence for the State and that upon the State’s resting, a motion was presented by defendant to exclude the evidence. In the record before us there is a copy of the “Trial Docket” sheet in the former case in which the following order appears:
“In this case, it appeared from the evidence that there was a variance between the allegations of the indictment and the proof in this: that one of the essential elements necessary to establish the offense of robbery, ‘by violence to her person’ was omitted and the defendant not consenting to allow the indictment to be amended, the prosecution is hereby dismissed before the jury retired and another indictment is hereby ordered to be preferred. Bond fixed in the amount of Ten Thousand Dollars. (Sgd.) Jasper, Judge.”
It is undisputed that the two cases are as to the same defendant and as to the same alleged incident.
During the hearing on the demurrer to the indictment, the trial judge, the same judge that presided on the trial of the former case, said:
“All right. The essential elements of the offense of robbery is the use of force or violence or by use of means whereby the person is put in fear. The taking from the person or from the presence of another money or other personal property and taking it with the intent to rob or steal. The variance as per the State’s witnesses in case No. 35846 showed violence to the person of the alleged victim, Polly Jane Rogers, and the court applying Title 15, § 254, there is a variance between the allegations in the indictment and the proof as offered by the State, at any time before the jury retires the Court and the *1152 defendant not consenting to an amendment, the Court must dismiss the prosecution and hold the defendant for a new indictment, which was done.”
The section of the Code cited by the trial court and its preceding section, now the same in Ala.Code 1975, provide in proper order:
“§ 15-8-90. An indictment may be amended, with the consent of defendant entered of record, when the name of the defendant is incorrectly stated or when any person, property or matter therein stated is incorrectly described.
“§ 15-8-91. If the defendant will not consent to such amendment of an indictment, the prosecution may be dismissed at any time before the jury retires as to the count in the indictment to which the variance applies, and the court may order another indictment to be preferred at a subsequent time, in which case an entry of record must be made to the effect following:
“[A form for the order of the court substantially the same as the order of the trial court in the case forming the basis for the plea of former jeopardy.]”
We do not have the benefit of the record of the evidence in the case which was dismissed, which the trial judge doubtless had well in his memory, and whose memory was not called in question on the matter of the plea of former jeopardy; but much of the evidence in the instant case sheds light upon the question whether, in the former case, there was evidence to the effect that defendant took from the victim’s person the property described in the indictment in each case “by putting her in such fear as unwillingly to part with the same,” as charged in the first indictment or “by violence to her person” as charged alternatively in the second indictment. The victim’s testimony in the instant case, after she had testified as to a collision at night between her automobile and an automobile in which defendant and one Edward Giles were riding, was in part as follows:
“A Moore said, Your car ain’t hurt and mine ain’t either. I said, Well, do you want to call the police or do you want me to? He said, Don’t call the police. He said, ‘Have you got any money.’

“I said, No, why. He said, because I want it, and at that time I started screaming and Moore hit me and Giles grabbed my feet.

“A He hit me with his fist in my face. He knocked me back over my car. I was at the back of my car. Then Giles got my feet and Moore got me under the arms and threw me in their car.

“A I turned loose of the car keys. Moore picked up the keys. He told Giles to drive and Giles got in on the driver’s side and he cranked the car up and he pushed my feet around and pushed me down on the floor board and he told him to drive.

“A Moore had a screwdriver and he put it in my side.

“Q Did you have a ring?
“A Yes, sir.
“Q What kind of ring was it?
“A It was gold ring with diamond stones in it.
“Q Do you have a judgment as to how much that was worth?
“A Two Hundred and Fifty Dollars.
“Q And what happened to that ring that night?

“A Moore took the ring off my finger with me trying to keep him not to. He just tore it off my finger and cut my finger up.
“Q Now, when did he do that?
“A When he got back in the car.

“Q What happened to your watch?
*1153 “A Moore took it off of my arm.
“Q When did he take it off of your arm?
. “A Right after he took the ring off of my finger.
“Q And what kind of watch was it?
“A It was just a gold Timex watch.
“Q Do you know what the value of that watch was?
“A Seventeen Dollars.
“Q And did you have any U. S. Currency on you?
“A Yes, sir.

“Q Did someone take your money?
“A Yes, sir.
“Q Who took your money?
“A Moore.
“Q When did he take your money?
“A When he got back in the car and started putting his hands on me and I told him not to touch me.
“Q Were you crying?
“A Yes, sir. And he started putting his hands in my pocket and I told him, just don’t and I would give it to him and I gave him the money that I had. .
“Q What was said or done next after he took your Six or Seven Dollars?
“A He said, Is that all of the money you have got? and I said, That is all I have with me. If you don’t hurt me I have money at home.”
The indictment in the case now under review followed precisely the Code form of an indictment for robbery. Ala.Code 1975, § 15-8-150(86). The indictment in the former case omitted the language “and against [her] will, by violence to [her] person” contained in the statutory form.
By the prescribed form of indictment for robbery, the Legislature has approved alternative language for charging one of the essential elements of larceny, namely, force, otherwise stated as violence. The force or violence may be either actual or constructive, applied or threatened. The constructive or threatened force is often treated under the name of intimidation. 67 Am. Jur.2d Robbery, §§ 20-22; 77 C.J.S., Robbery, § 10. In the Code form, supra, it is verbalized, “putting [the victim] in such fear as unwillingly to part with [the property].”
When the alternative to be found in the definition of robbery, and recognized in the code form of an indictment therefor, is used, it is not necessary to prove both actual force and fear as a means of wresting the possession of personal property from the person, or in the presence, of another. Baker v. State, Ala.Cr.App., 344 So.2d 547 (1977). When the alternative is not used, however, it necessarily follows that the proof must follow the allegation, whether the allegation charges actual force on the one hand or fear on the other. As it charged fear only, with actual force or vio lence conspicuous by its absence, we can well understand the dilemma of the trial judge when faced by defendant’s motion to exclude the evidence. According to the evidence in the case under review, which the parties indicate is substantially the same as the evidence in the former case, the watch and the ring were unquestionably forced from the victim’s person, without the involvement of any question as to fear; if fear entered into the means of obtaining possession of the money, which defendant, sought by putting male hands upon her body and in her pocket, it would be understandable, but it would be eclipsed as a means of obtaining the money by what he had violently done to her. We think the trial court took the proper course in holding that there was not substantial evidence to support the averment as to fear, that there was a variance between the averment and the proof. Such a situation was foreshadowed by Ala.Code § 15-8-90, and as the defendant would not consent to an amendment to the indictment that would have removed the variance, the trial court correctly proceeded in accordance with Ala. Code 1975, § 15-8-91.
*1154 That the dismissal of a prosecution on the grounds of a material variance, in accordance with Ala.Code 1975, § 15-8-91, does not furnish a basis for a plea of former jeopardy is well established, as shown by Pratt v. State, 48 Ala.App. 431, 264 So.2d 571, 575, as follows:
“In Oliver v. State, 234 Ala. 460, 175 So. 305, our Supreme Court spoke directly to this question:
“ ‘The acquittal of a defendant because of variance does not prevent trial on a new indictment conforming to the case made by the evidence. The accused is held to have never been in jeopardy, since the crime charged is not the same in the sense that it is not sustainable by the same proof, as in the former indictment. 16 C.J. p. 243, § 380; Martha v. State, 26 Ala. 72.
“ ‘This principle is recognized in our statute, Code § 4551, providing that, where no conviction can be had because of a variance, the defendant not consenting to an amendment, the prosecution may be dismissed before the jury retires, as to any count in the indictment to which the variance applies, and another indictment ordered.’
“And in Ex parte Shirley, 39 Ala.App. 634, 106 So.2d 671, cert. den. 268 Ala. 696, 106 So.2d 674, we find the rule thus stated:
“ ‘. . . Unquestionably the trial judge is authorized to enter a nol pros and order a new indictment where defendant will not consent to an amendment offered to meet a variance. Code, Title 15, Section 254; Cunningham v. State, 117 Ala. 59, 23 So. 693.’ See also Wright v. State, 40 Ala.App. 683, 122 So.2d 555.”
Applicability of the procedure provided by Ala.Code 1975, § 15-8-91, and its predecessor is not dependent upon action by defendant, except as to the failure of the defendant to agree to an amendment. Nevertheless, affirmative action by defendant in moving for an exclusion of the evidence, with consequent dismissal, on the ground of a variance estops defendant from thereafter complaining that there was former jeopardy. In Mitchell v. State, 16 Ala.App. 635, 80 So. 730, it was held:
“The defendants, by their motion to exclude the evidence on the theory of a variance between the averments and proof and by securing the favorable action of the court thereon, estopped themselves to plead that trial and judgment as former jeopardy. State v. McFarland, 121 Ala. 45, 25 So. 625; Kendall v. State, 65 Ala. 492; Morrisette v. State, 77 Ala. 71; Gunter v. State, 83 Ala. 96, 3 So. 600; 1 Mayf.Dig. 490, § 12.”
The quotation is from what purports to be a dissenting opinion, but which ultimately became the majority opinion of the court.
The record is not absolutely clear here that defendant’s motion to exclude the evidence was based on the claim of variance, but we hardly see any basis for any contention to the contrary. In Mitchell, supra, a contention to the contrary was made on application for rehearing, which was disposed of at 80 So. 733, as follows:
“While this plea does not in terms aver that the motion of the defendants was rested on the ground that there is a variance between the averments and proof, it embodies the judgment of the court in response to the motion, which shows, at least by clear implication, that the motion was predicated on this idea, and the defendants will not be permitted to set up this judgment as establishing their immunity from further prosecution, and at the same time dispute its solemn adjudications. Moreover, in view of the facts stated in the plea, a motion to exclude the evidence on any other ground than of variance between the averments and proof could not have been made with any degree of good faith or seriousness. Aside from these considerations, one has but to apply the general rule that on demurrer the averments of the pleas will be construed most strongly against the *1155 pleader, and all doubtful intendments will be resolved against him, to read into the plea the averment that the motion was based upon the ground of a variance between the averments and proof. Scharfenburg v. New Decatur, 155 Ala. 651, 47 So. 95; Argo v. Sylacauga Merc. Co., 12 Ala.App. 442, 68 South 534.”
Although, as indicated above, the parties in submitting on the demurrer to the plea of former jeopardy, included in the submission stipulations of parties and some record evidence, there was such informality that it tended to obscure any question whether there was an issue of fact for determination by a jury. Nevertheless, it is clear that the fact that there was no separate jury trial as to the plea of former jeopardy does not constitute prejudicial error. In Shiflett v. State, 37 Ala.App. 300, 67 So.2d 284 (1953), after observing that ordinarily an issue of former jeopardy should be tried separately and in advance of the issue of not guilty, the court held:
“Thus, in the present case, the very record evidence introduced by the defendant in support of his pleas of former jeopardy show that said pleas could not avail even had the issues been submitted to the jury. The result being the same regardless of the procedural methods employed, the appellant was not prejudiced in his substantial rights by the action of the court in denying the pleas without submitting them to a jury. Spelce v. State, 212 Ala. 559, 103 So. 705; Mikell v. State, supra [242 Ala. 298, 5 So.2d 825]; Sup.Ct. Rule 45, Code 1940, Tit. 7 Appendix.”
Appellant makes no contention that the evidence on the trial resulting in his conviction was not sufficient to support the verdict, and our review of the record convinces us that it was ample. It should possibly be noted, however, that defendant took the stand in his defense and denied that he had robbed the alleged victim. He testified that there was a collision between an automobile he was driving and the automobile driven by the victim and endeavored to explain his further actions that evening by testimony to the effect that he understood the victim was directing him to a place where he could purchase some controlled substances.
We find no error in the record prejudicial to appellant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.