## THOMPSON *vs.* THE STATE.

[INDICTMENT FOR RETAILING SPIRITUOUS LIQUORS.]

1. *Removal of licensed retailer from county; liability of agent.*—The mere removal of a licensed retailer to another county, neither abrogates his license, nor renders his clerk or agent, who continues to carry on his business, subject to an indictment under the statute.

FROM the City Court of Mobile.
Tried before the Hon. ALEX. McKINSTRY.

THE indictment in this case was in the form prescribed by section 1059 of the Code. On the trial, as appears from the bill of exceptions, the State proved, that the defendant sold spirituous liquors, at the bar of the City Hotel in Mobile, within the time covered by the indictment. The defendant then proved, that the bar belonged to one Steadman, who had removed from Mobile to Claiborne; that he acted simply as the agent of Steadman, under a written power of attorney, and carried on the business in Steadman's name; and that Steadman, at the time of his removal from the county, and while the defendant sold liquors at his bar, had a regular license from the probate judge of Mobile. The license and power of attorney were both produced and proved. On these facts, the court charged the jury, "that a man could not, by means of a clerk or agent, carry on a bar in one county, while he lived in another county; that the privilege of retailing was a personal trust; that the party licensed to retail, must reside at the place of his business, and give his personal supervision over his bar, although an occasional absence was allowable; and that if they believed the defendant sold spirituous liquors in Mobile, and Steadman resided in another county, they must find the defendant guilty." To this the defendant excepted.

WILLIAM BOYLES, and J. H. SMOOT, for the defendant.
M. A. BALDWIN, Attorney-General, *contra.*

R. W. WALKER, J.—The charge of the court asserts the proposition, that a licensed retailer must reside at his place of business, and give his personal supervision over his bar; and that if, after obtaining the license, he removes to and resides in another county, his license is thereby so far annulled, that it affords no protection to the clerk or agent employed by him to conduct the business after his removal. We do not think that this is the law. Whether a license to retail can be properly granted to one who does not, at the time it is issued, reside in the county to which the license refers, is a question not now presented, and we express no opinion in regard to it. But, where such license has been issued, to one who is at the time a resident of the county, we do not think it can be asserted, as a matter of law, that the mere removal of the party to another county, abrogates the license, or destroys the right which he had before his removal, to exercise the privilege conferred by the license, by his clerk or agent.—See *Long v. State*, 27 Ala. 36.

Judgment reversed, and cause remanded.