# Shiff *v.* The State.

*Indictment for Carrying on the Business of transient or itinerant Dealer without a License.*

1. *Amendment of indictment; misnomer.* — An indictment can be amended by correcting a misnomer, only "with the consent of the defendant." (Code of 1886, § 4389); and this consent must be affirmatively shown by the record, and will not be inferred from mere silence, or failure to dissent.

2. *Revenue license required of peddlers and itinerant dealers.*—A peddler's license, issued to a partnership of which the defendant is a member, is a full protection to him for peddling anywhere in the county, but not for carrying on the business of a transient or itinerant dealer in goods, wares and merchandise. (Code of 1886, § 629, subd. 29,34); and being indicted for carrying on that business without a license the prosecution may prove that he had in person made sales in other counties, and had gone from one county to another dealing in goods; and while there can be no conviction without proof of some act done, in prosecution of the business, in the county in which the indictment was found, it is not necessary to prove sales in more than one place therein.

APPEAL from Cherokee Circuit Court.
Tried before Hon. JOHN B. TALLY.

[Shiff v. The State.]

The appellant was indicted for engaging in or carrying on the business of a transient or itinerant dealer in goods, wares or merchandise, without a license other than that of a licensed peddler or travelling agent of the wholesale dealer in said articles, making sales thereof by sample. The indictment was found against *Mike Shiff*. The appellant pleaded in abatement a misnomer; alleging that his name was *Ike* Shiff. The solicitor confessed the plea, and, "by leave of the court," amended the indictment accordingly.

The defense set up on the trial was a peddler's license issued to Ike Shiff & Co. There was evidence tending to show that the defendant had proclaimed his goods on the street in the town of Centre, Cherokee county, had not sold them to the highest bidder—not asking for a highest bidder —but did sell them at a uniform price; that he carried his goods from the hotel to the place of sale in Centre on his back; that he had sold his goods under similar license in the counties of DeKalb, Etowah and Talladega; but that he had sold his goods no where else in the county of Cherokee than in the town of Centre.

MATTHEWS & DANIEL, for appellant.—The consent of defendant to amendment of indictment is essential and must be shown by the record,—Code of 1886, § 4389; *Gregory's Case*, 46 Ala. 151; *Ross' Case*, 55 Ala. 177. Whether the facts in evidence constitute the carrying on of a business for which a license is required under the revenue law is a question for the jury.—59 Ala. 46; 50 *Ib.* 127; 47 *Ib.* 533; 46 *Ib.* 302; 44 *Ib.* 29, 414; 16 *Ib.* 411; *Weir's Case*, 52 Ala. 19; Clark's Manual, § 1219.

THOS. N. McCLELLAN, Attorney-General, *contra*.

SOMERVILLE, J.—The statute permits an indictment to be amended, "with *the consent* of the defendant, when the name of the defendant is incorrectly stated, or when any person, property, or matter therein stated is incorrectly described."—Code, 1886, § 4389. It is the obvious meaning of this statute that an indictment shall not be amended, even in an immaterial matter, without the consent of the defendant, as is the rule of the common law.—*Gregory v. State*, 46 Ala. 151; *Johnson v. State*, *Ib.* 212. The present indictment was amended by the solicitor so as to correct a misnomer set up by plea in abatement on the part of the defendant. The

judgment entry recites that it was done "by leave of the court." It no where appears from the record that the consent of the defendant was obtained, unless such consent can be implied by his failure to dissent. It is our opinion that the record should show affirmatively that the consent of the defendant was given to the amendment. Mere silence, or failure to object, ought not to operate as a forfeiture of the defendant's right to be tried on the indictment in the form it has been framed by the grand jury. It would be an unsafe rule to infer consent from mere silence on the part of the defendant in such cases, and such a practice would not be in harmony with our past rulings on other questions of an analogous character.—*Flanagan v. State*, 19 Ala. 546; *Spicer v. State*, 69 Ala. 159; *Sylvester v. State*, 71 Ala. 17.

For this error the judgment must be reversed.

The defendant, in this case, was convicted of the offense of engaging in, or carrying on, without a license and contrary to law, the business of a transient, or itinerant dealer in goods, wares or merchandise, other than that of a licensed peddler, or travelling agent of a wholesale dealer in said articles making sales thereof by sample.—Code, 1886, § 629, sub-div. 34.

He justified under a peddler's license, which was introduced in evidence, and conferred on the partnership of Ike Shiff & Co., of which he was a member, full authority to engage in the business of peddling on foot in the county of Cherokee, where the license was taken out, and the indictment was found.—Code, 1886, § 629, sub-div. 31.

If the facts in evidence showed that the defendant was a peddler on foot, in the popular signification of that term—that he walked from house to house, or from place to place, carrying his goods with him, and selling them by retail—then his peddler's license, issued to the partnership of which he was a member, would be a full protection to him.—Code, 1886, §§ 631–632; *Thompson v. State*, 37 Ala. 151; *Long v. State*, 27 Ala. 32.

But if he was not a peddler, but a transient or itinerant dealer in goods, other than a licensed peddler, or travelling agent of a wholesale dealer selling by sample, and if he engaged in or carried on the business of such transient or itinerant dealer in the county of Cherokee, without a license therefor, as required by sub-division 34 of section 629 of the present Code (1886), and within twelve months before the finding of the indictment, he would be guilty as charged,

[Morris et al. v. The State.]

and be subject to a fine of three times the amount of the State license, which, in this case, is fifty dollars.—Code, 1886, § 3892; § 629, sub-div. 34; *Randolph v. Yellowstone Kit*, 83 Ala. 471.

In the latter aspect of the case, it would be competent to prove that the defendant had in person made sales in other counties, and had gone from one county to another, in this State, dealing in goods, wares and merchandise. This would be relevant for the purpose of showing that he was a *transient*, or *itinerant* dealer—that he travelled from place to place while engaged in his business of selling. It would, in other words, show the itinerant nature of such business, and that his motive in pursuing it was for a profit, or as a means of livelihood, which is a necessary element of engaging in any business, occupation or profession.—*Harris v. State*, 50 Ala. 127; *Weil v. State*, 52 Ala. 19. Of this offense the defendant could be convicted without proving that he had sold goods in other places in the county of Cherokee, other than at Centre, the county seat, where was located his place for making sales, if we correctly understand the bill of exceptions. There could be no lawful conviction, however, unless he engaged in, or carried on the business, by some act done, in the prosecution of it, in the county of Cherokee.

The judgment is reversed for the error above pointed out, and the cause is remanded for a new trial.

Reversed and remanded.