# Stallings *v.* Lee.

*Action on an Account.*

1. *Issuance of license to retail liquors; license to agent confers no right upon principal*—The law does not authorize the issuance of a license to carry on the business of retailing spirituous liquors to an agent, and when the license is issued to an agent the privileges incident thereto are conferred on the agent as an individual, and not as the representative of his principal; and such license will not authorize the carrying on of the business by or for the supposed principal, and affords such principal no protection whatever.

2. *Same; same; recovery on account.*—Under the provisions of the statute declaring that no recovery can be had on an account when any item of it is for vinous, spirituous or malt liquors' in less quantities than a quart, without producing a license to retail it at the date of such item, (Code, § 3522), an action on an account containing such items can not be sustained by introducing in evidence a license issued to an agent of the plaintiff; since such a license authorized and conferred the privilege of retailing on the agent as an individual only, and gave no authority to the principal to retail vinous or spiritous liquors.

3. *Same; same; same; license inadmissible in evidence.*—In such a case, testimony of the issuance of the license as a retailer to the agent of the plaintiff and also such a license itself, are inadmissible in evidence.

[Stallings v. Lee.]

APPEAL from the Circuit Court of Barbour.

Tried before the HON. A. A. EVANS.

This action was brought by the appellant, Mrs. S. A. Stallings, against the appellee, Alto V. Lee, to recover an amount alleged to be due on an account.

The defendant pleaded the general issue and by special plea that the items constituting the account were for whiskey sold in quantities less than a quart, and that the plaintiff had no license authorizing said sale.

On the trial of the case, it was shown that the account was made up of sales of whiskey to the defendant in quantities less than a quart in the year 1894; that said whiskey was purchased from W. O. Stallings, agent; that the business from which said purchases were made was carried on in the town of Clayton, Barbour county, Alabama, in 1898, and conducted in the name of W. O. Stallings, Agent.

The plaintiff offered evidence tending to show that a license granting the privilege of carrying on and conducting said business was issued in the name of "W. O. Stallings, Agent," but that the entire capital invested in said business belonged to the plaintiff, and that the business was conducted by her husband, W. O. Stallings, in the above name, and the plaintiff was entitled to all of the incomes and profits from said business. The defendant objected to the introduction of this evidence, the court sustained the objection, and the plaintiff duly excepted. The plaintiff also offered to prove that she had nothing to do with the active management of said business, it being conducted wholly by W. O. Stallings as her agent, but upon objection of the defendant, the court refused to allow such evidence to be introduced, and the defendant duly excepted.

At the request of the defendant, the court gave to the jury the general affirmative charge in his behalf. To the giving of this charge the plaintiff duly excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the rulings of the trial court to which exceptions were reserved.

J. D. CLAYTON and S. H. DENT, JR., for appellant. When money belonging to the estate of the wife is in-

vested in a mercantile business, which is managed by her husband, such business and the profits or income belong to the wife's separate estate, when no rights of existing creditors of the husband intervene.—*Gilkey v. Pollock & Co.*, 82 Ala. 503.

An action on a contract for the payment of money, the consideration of which is the sale of the wife's separate estate, may be brought in the name of the wife, though such contract is payable to the husband and he has not assigned or transferred the same to the wife.—*Grantham v. Payne,* 77 Ala. 584. The plaintiff had the right to conduct the business in any name she may have chosen, and the license being granted in that name there is no violation of law.—*Comer v. Jackson,* 50 Ala. 384.

GEORGE W. PEACH, *contra*, cited Code, § 3522; *Long v. State,* 27 Ala. 32; *Knox v. Knox,* 95 Ala. 503.

McCLELLAN, C. J.—Our statutory provisions in respect of licensing retailers, the effect and authority of the license, etc., etc., are now substantially what they were when the case of *Long v. The State,* 27 Ala. 32, was decided, at least so far as the question involved here is concerned; and that case is decisive of this against the appellant. It is there declared that "a license to retail affords protection only for those acts which, in law, are merely the acts of the person to whom it is granted. If it is granted to an individual, it affords protection only for those acts which, in law, are merely his acts as an individual. If it is granted to a partnership, it affords protection only for those acts which, in law, are the acts of the firm. A license to an individual cannot be a license to a partnership." And further: "We concede that when a license has been granted to an individual, he may exercise the privilege it confers by his clerk or agent; for the acts of his clerk or agent are, in law, his acts, and nothing more. And so, when a license has been granted to a partnership, the firm may exercise the privilege it confers by its clerk or agent; for the acts of its clerk or agent are, in law, its acts, and nothing more. The clerk or agent is entirely under the control and influence of the principal. But one partner is not the

[Stallings v. Lee.]

mere clerk or agent of his co-partner, nor entirely under his control and superintendence. Each partner has rights and powers and is subject to responsibilities which do not attach or appertain to a mere clerk or agent." And so it was held that while a license may be issued to a partnership upon a compliance with the law *by each one of its members* in respect of producing the requisite recommendation and taking and subscribing the prescribed affidavit, a partnership could not engage in the business of retailing under a license to one of its members, and one partner could not engage in such business under a license issued to the other; and this on the ground indicated above, that the partner who had no license was not acting as the clerk or agent of the licensed party in making the sales of the partnership goods, and his acts were, therefore, not the acts of the licensee. And it was said : "Suppose Long retailed on a credit, and should sue upon an account for the liquor thus retailed either in his own name, or in the name of the firm; and suppose the defendant in that suit should rely upon section 1060 of the Code [which declares that 'no person must obtain a judgment in any court of this State, upon any account, any item of which is for vinous or spirituous liquors in less quantity than one quart, without producing to the court a license showing his authority to retail at the date of such item,' now constituting section 3522] ; it is clear the defense in that case would be good, because the license does not show any authority to retail, either in Long, or in the firm of Smith & Long." So in the case at bar the business in which the account sued on was incurred was the business of Mrs. Stallings. She carried it on by her clerk or agent, who was also her husband, W. O. Stallings. It was as much her business as if she had personally conducted it and had had no clerk or agent. It was no more the business of W. O. Stallings than if he had been a stranger in her service, and not her husband. A license to her would have given her the privilege of carrying on the business by W. O. Stallings, or any other clerk or agent, because his acts would have been her acts, and as such would have been protected by the license; and she could have controlled him in the manner of conducting

the business and carried out the requirements of section 3521 in respect thereto. But while the acts of the agent are the acts of the principal, the converse is not true, the acts of the principal are not the acts of the agent; and while the principal may control the agent, the agent cannot control the principal. While in the business of retailing the principal acting through her agent being thereto constrained by her solemn oath could refrain from selling and prevent the sale of liquors to minors, persons of known intemperate habits or of unsound mind, could have the store closed on Sunday, see to it that the statute prohibiting the disposition of agricultural products between sunset and sunrise was not violated, and prevent gaming on or about the premises, all which the law requires of the licensee; but the agent, however much he should feel constrained by the oath taken on the issuance of a license to him, could not prevent the principal, in such case unconstrained by any oath, to do and allow to be done all these things which the licensee swears he will not do nor allow to be done. The agent might be a paragon of morality and fitness, and be so recommended by the requisite number of householders and freeholders, but what would this avail the community if the principal, who could not obtain a license himself and is given over to riotousness and all manner of evil, may carry on the business under the agent's license, conduct it as he pleases, unvouched by his neighbors, uncertified of moral character and fitness to conduct this business in an orderly and decent manner, and unconstrained thereto by the unction of the statutory oath? All which considerations, in line with the opinion in *Long v. State,* 27 Ala. 32, *supra,* lead to this: that there is no authority of law to issue a retail license to an agent, that when so issued its privilege is conferred on the agent as an individual and not as representative of any principal, that such license will not authorize the carrying on of the business by or for the supposed principal and affords her no protection whatever; and, finally, that in the case at bar the license to the agent showed no authority in the plaintiff, the principal, to retail at the date the defendant contracted the account sued on for whiskey at retail with her, and the

court properly excluded evidence of the license issued to her agent, and properly charged the jury to find for the defendant under section 3522 of the Code.

Affirmed.