# Yeats *v.* The State.

*Prosecution for Carrying Concealed Weapon.*

1. *Trial and its incidents; general request for charges by defendant; how reviewed on appeal.*—The recital in bill of exceptions that the defendant "asked the court to give the following charges in writing, to-wit:" followed by four charges numbered consecutively, does not show that the court was separately requested to give each of said charges; and the court cannot be put in error for refusing to give said charges unless there was error in refusing all of them.

2. *Charge of court to jury; reasonable doubt.*—In a criminal case, a charge which instructs the jury that before the defendant can be convicted, "each and everyone of you must be persuaded beyond a reasonable doubt to a moral certainty, and to the exclusion of every reasonable hypothesis" of defendant's guilt as charged, is erroneous and properly refused.

[Yeats v. The State.]

APPEAL from the County Court of Coffee.

Tried before Hon. JOHN M. LOFLIN.

The appellant in this case was tried and convicted of carrying a pistol concealed about his person. The facts relating to the ruling of the trial court which is reviewed on the present appeal are sufficiently stated in the opinion.

Among the charges requested by the defendant in the manner as set forth in the opinion was the following: "4. The court charges the jury that each and every one of you must be persuaded beyond all reasonable hypothesis, that the defendant on the occasion testified to by the State's witnesses, had the pistol concealed on his person, or you must acquit the defendant."

SOLLIE & KIRKLAND, for appellant.

MASSEY WILSON, Attorney-General, for the State, cited *Rarden v. Cunningham,* 136 Ala. 263; *Verberg v. State,* 137 Ala. 73; *Kennedy v. State,* 85 Ala. 26; *Jefferson v. State,* 110 Ala. 89.

DENSON, J.—The only question presented for review by the record in this case relates to the refusal by the court to give certain special charges that were requested in writing by the defendant.

The bill of exceptions with reference to the manner in which the charges were presented to the court contains this statement, viz: "This being all the evidence, the defendant after the court had given the general charge to the jury, asked the court to give the following charges in writing, to-wit:" Then follow four charges, numbered 1, 2, 3 and 4, respectively.

In the case of *McGehee v. State,* 52 Ala. 224, the bill of exceptions contained this statement, viz: "The defendant requested the court to give the following charges in writing, which the court refused, and to the refusal of the court to charge as requested, the defendant excepted." Then followed charges numbered from one to four, inclusive. The court construing the bill used the following language: "A bill of exceptions is construed

[Yeats v. The State.]

most strongly against the party excepting, and if it will admit of two constructions, one of which will reverse, and the other support the judgment, the latter construction will be adopted. A reasonable construction of the bill of exceptions is, that the charges requested were requested not separately, but as a whole. Adopting this construction, if any one of the charges is erroneous, there was no error in refusing the whole." This rule in construing bills of exceptions has been several times followed.—*Rarden v. Cunningham,* 136 Ala. 263; *Verberg v. State,* 137 Ala. 73; *Bell's case,* 37 Sou. Rep. 281.

Construing the bill of exceptions by the rule above stated, if one of the four charges requested is bad, the court did not err in refusing all of them.

In the case of *Harwell v. Phillips, Buttorff Mfg. Co.,* 123 Ala. 464, cited by counsel for appellant, the only question there determined by the court is that it is unnecessary to reserve exceptions to the giving or refusal of written charges, as the statute (§ 613 of the Code of 1896), dispenses with the necessity to reserve exceptions to such rulings, consequently that case is not in conflict with what we have said above.

Charge numbered 4 is bad, in that it required an acquittal of the defendant upon a failure of *any one* of the jurors to be convinced of defendant's guilt beyond a reasonable doubt.—*Hale's case,* 122 Ala. 85; *Goldsmith's case,* 105 Ala. 8; *Cunningham's case,* 117 Ala. 59.

There is no error in the record, and the judgment of the court is affirmed.

McCLELLAN, C.J., HARALSON and DOWDELL, J.J., concurring.