393 So.2d 1030 (1980)
Ex parte James ALLRED.
(Re: James Allred v. State of Alabama).
79-339.
Supreme Court of Alabama.
November 7, 1980.
As Modified on Denial of Rehearing January 9, 1981.
*1031 T. Lee Bishop, Jr., and Ronald M. Hand, Birmingham, for petitioner.
Charles A. Graddick, Atty. Gen., J. Thomas Leverette, Asst. Atty. Gen., for respondent.
JONES, Justice.
We granted this petition to review the double jeopardy issue arising out of Defendant's conviction for the offense of issuing a worthless check. A detailed statement of the factual background is found in the Court of Criminal Appeals opinion, Allred v. State, [MS. Feb. 5, 1980], 393 So.2d 1026 (Ala.Cr.App.1980). Suffice it to say that the double jeopardy plea here in issue arose in the context of a second trial, based on a second indictment.
This second indictment, with one exception, was identical in all respects to the indictment under which Defendant was put to trial initially. The sole dissimilarity was that the first indictment charged Defendant with issuing a worthless check on his personal account, while the subsequent indictment charged that the check was drawn on a corporate account.
During the first trial, because the evidence disclosed that the check (otherwise correctly described in the indictment) was drawn on the account of A. & G. Coal Co., Inc., the State sought to amend the indictment pursuant to § 15-8-90, Code 1975, which authorizes an indictment to be amended, with consent of Defendant, as to certain matters. Whereupon, Defendant having refused to so consent, the trial Court, invoking § 15-8-91, dismissed the prosecution (reciting the variance between allegation and proof) and ordered "another indictment ... to be preferred."
The Court of Criminal Appeals, reciting the trial Court's compliance with §§ 15-8-90 and 15-8-91, upheld its refusal of Defendant's plea of double jeopardy entered in the second trial. We reverse and remand.
Section 15-8-90 is but a codification of the common law which forbade amendments to an indictment, even as to an immaterial *1032 variance between indictment and proof, without the consent of defendant. Shiff v. State, 84 Ala. 454, 4 So. 419 (1887); and Lay v. State, 42 Ala.App. 534, 170 So.2d 815 (1965). Section 15-8-91 directs the procedure for a "variance" dismissal and for reindictment in the event of Defendant's nonconsent. Our case law has consistently upheld the validity of this statutory scheme, as against a double jeopardy challenge, where the variance is of such a material character that the second indictment constitutes a separate and different offense.
That the statutory amendment procedure is restricted in its application is well illustrated in Wright v. State, 40 Ala.App. 683, 122 So.2d 555 (1960), which disallowed a double jeopardy plea, reasoning that the charge in the first indictment was not sustainable by the proof adduced thereunder. See, also, Oliver v. State, 234 Ala. 460, 175 So. 305 (1937).
While the statutory scheme may have a narrow field of operation within constitutional bounds, its application cannot validate what is otherwise proscribed under the double jeopardy clause of the Constitutions of the State of Alabama and the United States.[1] Otherwise stated: Although the trial Court's actions were procedurally consistent with the statutory scheme, the dismissal of the first indictment must be grounded upon a material variance, or it must have been due to some "manifest necessity" before Defendant is constitutionally subject to retrial.
The "manifest necessity" exception, recognized and applied in Arizona v. Washington, 435 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978), and in the cases cited therein (see, also, Woods v. State, 367 So.2d 982 (Ala.1978)), finds its application in the factual context of a second prosecution for the same offense. On the other hand, reindictments within the contemplation of the amendment statutes (§§ 15-8-90, -91) are prosecutions for offenses not sustainable by the evidence adduced under the original indictment, i. e., for a different offense.[2]
Thus, the ultimate issue here presented is whether Defendant's plea of double jeopardy was interposed to an indictment which charged him with commission of the same offense for which he had been put to trial under the first indictment. The answer is implicit in the postulation of two opposing hypotheses: (1) If the variance between the averment in the indictment (that the check was drawn on Defendant's personal account) and the proof (that it was drawn on the corporate account) precludes a sustainable conviction, then it is a material variance; and the reindictment pursuant to the amendment statute is permissible and Defendant's plea of double jeopardy is unavailable; and (2) if, on the other hand, the variance is of such an immaterial nature as not to defeat the sustainability of Defendant's conviction thereunder, the statutory scheme for reindictment is impermissible; and, where such reindictment procedure is invoked, Defendant's plea of double jeopardy is valid.
An indictment is sufficient which substantially follows the language of the statute, provided the statute prescribes with definiteness the constituents of the offense. Bowens v. State, 54 Ala.App. 491, 309 So.2d 844, cert. denied 293 Ala. 746, 309 So.2d 850 (1974); Frye v. State, 369 So.2d 892 (Ala.Cr.App.1979). Here, the requisite constituents of the offense which must have been set out are: that the Appellant (1) drew the check, (2) with intent to defraud, (3) knowing that there were insufficient funds to cover the check. Smith v. Southeastern *1033 Financial Corporation, 337 So.2d 330 (Ala.1976).
Our examination of the first indictment reveals that these constituents are clearly and succinctly set forth and that the wording of the indictment substantially follows the statute creating the offense.[3] The indictment's description of the particular account on which the check was drawn is mere surplusage.
While there was a variance between the averments of the first indictment and the proof as to the description of the account upon which the alleged worthless check was drawn, Alabama law requires a "material" variance before a conviction will be overturned for that reason. House v. State, 380 So.2d 940 (Ala.1979). Because the requisite statutory elements include no reference to the account on which the check is drawn, the proof under the first indictment warrants a conviction of the offense charged; thus, the variance between the description of the bank account in the indictment and the proof adduced at the first trial is wholly immaterial.
Our finding of no material variance between the first indictment and the proof thereunder, coupled with the absence of the requisite elements of "manifest necessity" for terminating the initial proceeding, mandates our holding that the second offense, the trial of which invoked Defendant's double jeopardy plea, was the same offense for which Defendant had been indicted and put to trial earlier. Ex parte Collins, 385 So.2d 1005 (Ala.1980). Thus, the Court of Criminal Appeals erred in affirming the trial Court's rejection of Defendant's plea of double jeopardy.
REVERSED AND REMANDED.
FAULKNER, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
MADDOX, J., concurs specially.
TORBERT, C. J., dissents.
ALMON, J., not sitting.
MADDOX, Justice (concurring specially).
This case points up the need in this state for a rule of criminal procedure which would permit an amendment to an indictment, even after commencement of the trial, if no additional offense is charged and substantial rights of the defendant are not thereby prejudiced.
This Court now has under consideration a proposed rule of criminal procedure which would permit amendment of the charges, "without the defendant's consent, at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." Proposed Rule 13.5, Alabama Rules of Criminal Procedure. This proposed rule follows substantially the language of the Uniform Rules of Criminal Procedure, 231(g)(2), which states:
(2) After commencement of the trial. After commencement of trial, the court may permit the prosecuting attorney to amend the information at any time before verdict or finding if no additional or different offense is charged and substantial rights of the defendant are not thereby prejudiced.
An amendment may charge an additional or different offense with the express consent of the defendant.
In Arizona v. Washington, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed. 717 (1978), the court stated that "[t]he prosecutor must shoulder the burden of justifying the mistrial if he is to avoid the double jeopardy bar." Current Alabama procedure does not permit the prosecutor to amend the indictment if the defendant does not consent; therefore, this Court is required to reach the result it reached in Ex parte Collins, Ala., 385 So.2d 1005 (1980).
Under current Alabama procedure, the prosecutor, unless he can obtain the consent of the accused, must get a new indictment. If he gets a new indictment, the defendant may have available to him the plea of double jeopardy.
NOTES
[1] Constitution of Alabama of 1901, Art. 1, § 9; Anthony v. State, 49 Ala.App. 462, 273 So.2d 222 (1972); Boswell v. State, 290 Ala. 349, 276 So.2d 592 (1973); and Garsed v. State, 50 Ala. App. 312, 278 So.2d 761 (1973). United States Constitution, 5th Amendment; Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1973); Crist v. Bretz, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978).
[2] The State does not seriously contend that the requisite elements of "manifest necessity" exist; rather, both at trial and here, it is the State's position that the trial court properly invoked the amendment statutes.
[3] Alabama Worthless Check Act (Acts 1971, No. 2479, p. 3948).