Eddie Stevenson, Jr., was indicted for the first degree murder of Phillip Lee Jones "by shooting him with a shotgun." Appellant's plea of former jeopardy was denied by the trial court and the jury found appellant "guilty as charged." Sentence was set at life imprisonment
On February 28, 1979, appellant shot and killed Phillip Lee Jones at the Big Bear Supermarket at the corner of Goode Street and Fairview Avenue in Montgomery. Appellant shot the victim with a .410 gauge shotgun
Appellant was originally indicted for this shooting by the Montgomery County Grand Jury on July 13, 1979, said indictment charging him with first degree murder by shooting the victim with "a pistol". During the trial under this indictment the state's evidence clearly showed that the weapon appellant used was "a shotgun". At the close of the state's case the appellant moved to exclude the state's evidence on the grounds that there was a fatal variance between the indictment and the state's proof. The trial court declined to rule on the motion at that time and instead granted the prosecution a recess to do some overnight research on the issue raised by the appellant. After both sides had completed further research, the state, in light of the appellant's motion to exclude, requested permission to amend the indictment to conform to the evidence or in the alternative that the state be granted a nol pros with leave to reindict. After appellant refused to consent to amendment, the trial court, while agreeing with both counsel that the mistake in the indictment was a "material variance", dismissed the prosecution and ordered preparation of another indictment, pursuant to §§ 15-8-90 and -91, Code of Alabama 1975
Appellant was reindicted under the September 18, 1979, indictment as noted above. He filed a timely motion of Plea of Former Jeopardy which was denied by the trial court and he was convicted of first degree murder. The appellant's subsequent motion to arrest judgment due to appellant's former jeopardy was also denied and this appeal followed
 I
Appellant's sole contention on appeal is that he was twice placed in jeopardy for the same offense. His first prosecution was dismissed with an order to reindict after the state proved a killing with "a shotgun" under an indictment which charged a killing with "a pistol". The trial court followed the procedure set out in §§ 15-8-90 and -91, Code of Alabama 1975. Section 90 provides that:
 "An indictment may be amended, with the consent of the defendant entered of record . . . or when any person, property or matter therein stated is incorrectly described."
Section 91 adds that:
 "If the defendant will not consent to such amendment of an indictment, the prosecution may be dismissed at any time before the jury retires as to the count in the indictment to which the variance applies, and the court may order another indictment to be preferred at a subsequent time . . ." (Emphasis added)
Appellant correctly asserts that the variance referred to in the above sections must be a "material variance" to raise *Page 113 
the prosecution's right to amend the indictment with defendant's consent or to have the action dismissed with leave to reindict should the defendant refuse to consent to an amendment. Ex parte Collins, Ala., 385 So.2d 1005, rev'g, Ala.Cr.App., 385 So.2d 993 (1980), and cases cited therein; Exparte Allred, Ala., 393 So.2d 1030 (1980). The reason for requiring a "material variance" is that there must be some "manifest necessity" for dismissing a prosecution and, thereby, precluding a defendant's right to a speedy trial by the existing tribunal. Ex parte Collins, supra; Ex parte Allred, supra. This requirement also prevents a prosecutor from seeking a nol pros (dismissal) on a mere whim, or in fear that the jury is leaning in favor of the defendant during trial
The case of United States v. Bobo, 586 F.2d 355 (5th Cir 1978) expressed these policies behind the former jeopardy rules, concisely, as follows:
 "The general legal principles applicable in this area are relatively clear. The bar of the double jeopardy clause operates to protect an accused against multiple prosecutions or multiple punishments for the same offense. United States v. Dinitz, 424 U.S. 600, 606, 96 S.Ct. 1075, 1079, 47 L.Ed.2d 267
(1976). Jeopardy attaches at the empaneling and swearing in of the jury, Crist v. Bretz, 437 U.S. 28, 35, 98 S.Ct. 2156, 2160, 57 L.Ed.2d 24 (1978); Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963) and from then on, consideration must be given to the defendant's `valued right . . to have his trial completed by the particular tribunal summoned to sit in judgment on him.' Id. at 736, 83 S.Ct. at 1034. When that right is denied by declaration of a mistrial at the behest of the prosecution or on the court's own motion, reprosecution is prohibited unless there is a `manifest necessity for the [mistrial] or the ends of public justice would otherwise be defeated.' United States v. Perez, 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed 165 (1824); accord, Arizona v. Washington, 434 U.S. 497, 504, 98 S.Ct. 824, 830, 54 L.Ed.2d 717 (1978); United States v. Evers, 569 F.2d 876, 878 (5th Cir 1978)."
The "manifest necessity" required in cases of the type before us is a "material variance" between the indictment and proof such that a reversal would likely follow any convictions based upon such indictment. Such "material variances" have been determined on a case by case basis by the Alabama courts Settled cases in Alabama support appellant's contention that the variance between a charge of shooting with "a pistol" and proof of shooting with "a shotgun" is not "material". Turner vState, 97 Ala. 57, 12 So. 54 (1892); Taylor v. State, 148 Ala. 565,42 So. 997 (1907). The rationale for this ruling is that these two weapons are of the same general character and inflict the same type of injury. Turner v. State, supra
Therefore, the trial court was in error in ordering a nol pros and reindictment pursuant to §§ 15-8-90 and -91. Such error would, ordinarily, require a reversal of the conviction below as appellant asserts
However, the error by the trial court in this case was induced by the appellant with his motion to exclude the state's evidence on the grounds of a fatal variance between the indictment and proof, and also by not then consenting to an amendment of the indictment. Such actions by the appellant estop him from subsequently claiming former jeopardy. Ex parteWinston, 52 Ala. 419 (1875); Mitchell v. State, 16 Ala. App. 635,80 So. 730, cert. denied, 202 Ala. 700, 81 So. 891 (1918);Shiflett v. State, 37 Ala. App. 300, 303, 67 So.2d 284 (1953);Pratt v. State, 48 Ala. App. 341, 264 So.2d 571, 576 (1972);Moore v. State, Ala.Cr.App., 366 So.2d 1150 (1979). The reasoning is that a defendant who raises an issue requiring dismissal (even if the issue is without merit) has made known his preference against the current prosecution and has, in so doing, impliedly asserted that he is not in jeopardy. Such assertions, either actual or implied, dispense with the need to preserve the defendant's right to a completion of the present trial, since the defendant has acted to the contrary
Ex parte Winston, supra, held on point with this case, that where the defendant induced dismissal of the first action by *Page 114 
moving to exclude the state's evidence on the theory of a variance between the indictment and proof, the defendant was estopped from asserting the double jeopardy bar whether or not a "material variance" did, in fact, exist
Recent federal cases also acknowledge this "estoppel" exception to the "double jeopardy" bar. United States vDinitz, 424 U.S. 600, 96 S. Ct. 1075, 47 L.Ed.2d 267 (1976);United States v. Bobo, 586 F.2d 355 (5th Cir. 1978); UnitedStates v. Brooks, 599 F.2d 943 (10th Cir. 1979)
In United States v. Bobo, supra, the U.S. Fifth Circuit in referring to the former jeopardy rule stated:
 "By contrast, where the defendant moves for a mistrial or consents to its declaration, ordinarily the double jeopardy clause does not bar his retrial United States v. Scott, 437 U.S. 82, 93, 98 S.Ct 2187, 2195, 57 L.Ed.2d 65 (1978); Lee v. United States, 432 U.S. 23, 32, 97 S.Ct. 2141, 2147, 53 L.Ed.2d 80 (1977); United States v. Jorn, 400 U.S. 470, 485, 91 S.Ct. 547, 557, 27 L.Ed.2d 543 (1971) (plurality opinion); United States v. Crouch, 566 F.2d 1311, 1317 (5th Cir. 1978)."
The theory for applying this exception in federal cases is that a defendant who moves for a mistrial consents to a termination of the present trial and impliedly consents to a retrial. United States v. Brooks, supra. The defendant, though he has a "valued right" to a speedy trial and against multiple prosecutions, has a comparable right to seek or suggest a termination of the present trial, to take the case from a jury when circumstances occur that might prejudice his case. UnitedStates v. Dinitz, supra. The evils that the double jeopardy bar seeks to prevent, therefore, vanish when the defendant induces the dismissal of the existing prosecution
We would point out that all double jeopardy cases should be carefully examined to assure protection of defendants' rights However, defendants should not be allowed to induce error and thereby possibly escape prosecution by manipulation of the court under the guise of "double jeopardy" protection
In the case before us, we find nothing to remove this cause from the scope of the "estoppel" principle set forth in Exparte Winston, Mitchell, and Moore, supra
Therefore, the appellant, by virtue of his motion to exclude the state's evidence on grounds of a variance between the indictment and proof, and by declining to consent to an amendment of the indictment is estopped from claiming former jeopardy and his subsequent conviction must be upheld. There is no error. This judgment below is hereby affirmed
AFFIRMED
All the Judges concur