Titus J. Edwards was convicted of armed robbery of one Johnnie Randolph, in violation of Code of Alabama 1975, §13A-8-41, and was sentenced to 20 years' imprisonment in the penitentiary.
The facts of the armed robbery are not disputed on appeal. The victim, Ms. Randolph, personally knew Edwards, and identified him by both name and description when the police arrived. Edwards's sole witness was his mother, who testified as an alibi witness.
The only issue raised on appeal concerns the amending of the indictment. The court read the indictment to the jury venire at the start of the trial, alleging that Edwards did "use or threaten the imminent use of force against the person of Johnnie Randolph with intent to overcome his physical resistance or physical power of resistance." (Emphasis supplied.) The prosecutor then stated during a bench conference, "The state's evidence will show that Johnnie Randolph is a woman and that the word `his' in the indictment should read `her physical resistance or physical power of resistance'." He then stated, "I just want the indictment amended to conform to the evidence we expect to produce at trial." Counsel for the accused refused to consent to this amendment and repeatedly objected, stating: "I knew she was a woman, but I still object to the amendment." The court "overrule[d] the objection because Johnnie Randolph is in fact the person that the State expects to prove was the person from whom the property was taken and whether it is a woman or man, his or her, is not a material variance and the court will allow the amendment."
We perceive in this case that the indictment was amended, without the consent of Edwards and over his objection, as to a misnomer, an immaterial matter. The elements of robbery do not include a requirement that the victim be male or female; the name "Johnnie" is both a male name and a female name; the error is probably a clerical or typographical one. There is no reason to believe that the scrivener's error in the indictment affected the substantial rights of the accused. Since the variance is an immaterial one, and since the appellant Edwards has already been tried for this robbery, then presumably retrying him would be barred by the provisions against double or former jeopardy. Ex parte Allred, 393 So.2d 1030 (Ala. 1980). We must ask ourselves therefore, is this one of the cracks in the floor of the law that a guilty defendant may slip through? The outcome of proceedings at law ought not to depend on minor technicalities. When we do foolish things it brings the law itself into disrepute with the general public on whom we depend for support. It is unquestionably foolish to let a convicted robber walk free because his victim was described in an indictment by a masculine possessive pronoun rather than a feminine one. To do so is to release a convicted felon because of a "mere technicality." But this is exactly what Edwards asks us to do.
Edwards contends that any amendment to an indictment without the defendant's consent is reversible error. The State, however, contends that "The trial judge's *Page 1261 
error in amending the indictment was so immaterial as not to be substantially injurious to appellant in making his defense." Edwards does not contend that the amendment prejudiced his case. The question, then, becomes whether an amendment to an indictment as to an immaterial matter constitutes reversible error, even if the amendment causes absolutely no prejudice to the defendant.
Edwards correctly cites us to § 15-8-90, Code of Alabama, 1975, which states:
 "An indictment may be amended, with the consent of the defendant entered of record, when the name of the defendant is incorrectly stated, or when any person, property or matter therein stated is incorrectly described."
This statute has been on our books verbatim since 1852, and is a codification of "the rule of the common law." Shiff v.State, 84 Ala. 454, 4 So. 419, 420 (1888). This statute has been interpreted numerous times, with one of the earliest cases being Gregory v. State, 46 Ala. 151 (1871). In that case, the caption in an indictment identified the court as the "city court." After a demurrer was sustained, the State amended the indictment, adding "of Montgomery" to the caption. Such was done against the objection of the defendant. Our Supreme Court reversed the resulting conviction, stating that the predecessor to the above statute was "equivalent to a declaration, on the part of the legislature, that an indictment can not be amended in any case, without the defendant's consent." Id., at 152. And, more specifically, that court held that an indictment shall not be amended, even as to an immaterial matter, unless the defendant consents. Gregory v. State, supra, Shiff v.State, supra, Ex parte Shirley, 39 Ala. App. 634, 106 So.2d 671, cert. denied, 268 Ala. 696, 106 So.2d 674 (1958). These cases would appear to answer Edwards's contention in his favor.
However, at the time of the trial, Rule 15.5 (a), A.R.Crim.P., was effective, and in effect supplants § 15-8-90,Code of Alabama, 1975. This rule states, "A charge may be amended by order of the court with the consent of the defendant in all cases except to change the offense or to charge new offenses not included in the original indictment, information, or complaint." This one sentence rule was drafted based on the first sentence in Proposed Rule 13.5, Alabama Rules of Criminal Procedure. That proposed rule, however, continued with an additional sentence. "The court may permit a charge to be amended, without the defendant's consent, at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."
Prior to the adoption of Rule 15.5, A.R.Crim.P., our Supreme Court decided Ex parte Allred, supra. In that case, the conviction was reversed because of the defendant's plea of double jeopardy. At the close of the State's case, the proceedings were dismissed because the indictment alleged the issuance of a personal worthless check, when the evidence proved that the check was drawn on his corporate account, and the defendant would not agree to amending the indictment. He was thereafter re-indicted with the error corrected. Justice Maddox, in a special concurring opinion, stated:
 "This case points up the need in this state for a rule of criminal procedure which would permit an amendment to an indictment, even after commencement of the trial, if no additional offense is charged and substantial rights of the defendant are not thereby prejudiced.
 "This Court now has under consideration a proposed rule of criminal procedure which would permit amendment of the charges, `without the defendant's consent, at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.' Proposed Rule 13.5, Alabama Rules of Criminal Procedure.
". . . .
 "In Arizona v. Washington, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978), the court stated that `[t]he prosecutor *Page 1262 
must shoulder the burden of justifying the mistrial if he is to avoid the double jeopardy bar.' Current Alabama procedure does not permit the prosecutor to amend the indictment if the defendant does not consent; therefore, this Court is required to reach the result it reached in Ex parte Collins, Ala., 385 So.2d 1005 (1980).
 "Under current Alabama procedure, the prosecutor, unless he can obtain the consent of the accused, must get a new indictment. If he gets a new indictment, the defendant may have available to him the plea of double jeopardy."
Ex parte Allred, supra, at 1033.
Because the law regarding variances between the proof and charge are necessarily intertwined with the purpose of amending an indictment, the following language in the majority opinion is helpful in reaching our decision:
 "Thus, the ultimate issue here presented is whether Defendant's plea of double jeopardy was interposed to an indictment which charged him with commission of the same offense for which he had been put to trial under the first indictment. The answer is implicit in the postulation of two opposing hypotheses: (1) If the variance between the averment in the indictment (that the check was drawn on Defendant's personal account) and the proof (that it was drawn on the corporate account) precludes a sustainable conviction, then it is a material variance; and the reindictment pursuant to the amendment statute is permissible and Defendant's plea of double jeopardy is unavailable; and (2) if, on the other hand, the variance is of such an immaterial nature as not to defeat the sustainability of Defendant's conviction thereunder, the statutory scheme for reindictment is impermissible; and, where such reindictment procedure is invoked, Defendant's plea of double jeopardy is valid." [Emphasis original.]
Id., at 1032.
A look at the law on variance shows that if the variance is on a material issue, and a conviction occurs without the indictment's having been amended[1] to conform to the proof, then the conviction will be reversed and the case remanded for a new trial. Pittman v. State, 466 So.2d 951 (Ala. 1985), Ex parteWashington, 448 So.2d 404 (Ala. 1984), Ex parte Hightower,443 So.2d 1272 (Ala. 1983). If, instead of continuing to a verdict, the trial is halted because the defendant refuses to consent to amending the indictment as to a material variance, then a new trial under a new, correct indictment is the proper procedure and is not double jeopardy.[2] Allen v. State, [Ms. 1985]472 So.2d 1122 (Ala.Cr.App. 1985); Moore v. State, 366 So.2d 1150
(Ala.Cr.App. 1979); Pratt v. State, 48 Ala. App. 341,264 So.2d 571 (1972); Ex parte Shirley, 39 Ala. App. 634, 106 So.2d 671, cert. denied, 268 Ala. 696, 106 So.2d 674 (1958), Martha v.State, 26 Ala. 72 (1855).
On the other hand, if the variance is on an immaterial issue, and a conviction occurs without the indictment being amended, the defendant has not been prejudiced and, therefore, the conviction will be upheld. House v. State, 380 So.2d 940 (Ala. 1979); Jones v. State, 241 Ala. 337, 2 So.2d 422 (1941); McCoyv. State, 232 Ala. 104, 166 So. 769 (1936); Aaron v. State,37 Ala. 106 (1861); Hamilton v. State, 455 So.2d 170 (Ala.Cr.App. 1984); Gilbert v. State, 410 So.2d 473 (Ala.Cr.App. 1982);Dailey v. State, 374 So.2d 414 (Ala.Cr.App. 1979); Helms v.State, 40 Ala. App. 622, 121 So.2d 104, writ denied, 270 Ala. 603, 121 So.2d 106 (1960). See also Berger v. United States,295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935), and Nash v.Towne, 72 U.S. (5 Wall.) 689, 18 L.Ed.2d 527 (1866).[3] However, *Page 1263 
when the prosecutor discovers an immaterial variance and asks the defendant to consent to an amendment, but the latter refuses, if the prosecutor (or the trial court) invokes §15-8-91, Code of Alabama, 1975, and attempts to re-prosecute with a new, corrected indictment, a double jeopardy claim at the commencement of the second prosecution will be upheld and the proceedings halted.[4] Ex parte Allred, supra, Ex parteCollins, 385 So.2d 1005 (Ala. 1980). To the contrary, if the defendant requests the dismissal for an immaterial variance and refuses to consent to an offered amendment, he will be barred from claiming double jeopardy after re-indictment and re-trial.Stevenson v. State, 404 So.2d 111 (Ala.Cr.App.), writ quashed,404 So.2d 114 (Ala. 1981), and cases collected therein.
The above statutory and case law is informative, but we have found only one case on point with the issue before us now,White v. State, 448 So.2d 421 (Ala.Cr.App. 1983) (retired Circuit Judge Clark writing for this Court). Count one of the indictment charged first degree assault but erroneously cited §13A-6-21, and count two charged second degree assault but erroneously cited § 13A-6-20, and in both counts the victim was named as "Edna Evans Legretta" instead of "Edna Legretta Evans." Immediately after the jury was selected, the prosecutor moved to have the above stated clerical errors corrected. The defendant objected and the trial court overruled. Trial then proceeded and in the judge's charge to the jury, he read the indictment in the "amended" form. As is stated in that opinion, and which is applicable to the present case, the defendant was not prejudiced.
 "There is nothing in the testimony of either [the defendant or the victim] to the effect that defendant could have been misled in any way by the transposition in the indictment of the middle name and the last name of the alleged victim. There is nothing in the evidence to indicate any confusion on the part of the defendant as to the name and identity of the person whom he was charged in each count of the indictment as having assaulted.
 "We are convinced that neither the two mistakes in the indictment as to the number of the section of the Code nor the mistake in naming the alleged victim was harmful in the least to defendant and that, with appropriate explanations of the mistakes, the trial could have well proceeded without any effort to amend the indictment."
White v. State, supra, at 423-24.
The opinion then contains dicta which Edwards uses in an attempt to distinguish his case.[5] However, that part of the opinion *Page 1264 
concludes by saying, "In our opinion, the action of the court as to the matter did not constitute error prejudicial to defendant." That is the crux of the case.
As we said in Stonoker v. State, 380 So.2d 342, 344
(Ala.Cr.App. 1980),
 "In order for this Court to reverse the judgment of the trial court, however, the appellant must not only show error but must also show that such error probably injuriously affected his substantial rights. Rule 45 of the Alabama Rules of Appellate Procedure; Kennedy v. State, 291 Ala. 62, 277 So.2d 878 (1973); Kabase v. State, 244 Ala. 182, 12 So.2d 766 (1943)."
Rule 45, A.R.A.P., provides:
 "No judgment may be reversed or set aside, nor new trial granted in any civil or criminal case on the ground of misdirection of the jury, the giving or refusal of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."
Although not heretofore said, we believe that the amendment of an indictment as to an immaterial matter is harmless error. It is well established that if no amendment had occurred, then the resulting immaterial variance would have been harmless error. (See discussion on law of variance above.) It would be ludicrous to hold otherwise; such a holding would be the epitome of being "released on a mere technicality" that justice abhors. By applying Rule 45, A.R.A.P., it might at first appear that in so doing we are holding contrary to old opinions of our Supreme Court, e.g., Gregory v. State, supra, Shiff v. State, supra, etc.; however, during the century in which those opinions were issued, there was no harmless error rule. This rule was initially adopted on June 23, 1913, effective September 1, 1913. See 175 Ala. XVII-XXI, 61 So. VII-IX. We, therefore, hold that the amendment to the indictment, over Edwards's objection, so as to correct an immaterial matter, did not injure his cause and so was harmless error.
AFFIRMED.
All the Judges concur.
[1] It makes no difference whether the failure to amend the indictment is due to the prosecutor's oversight or because the defendant would not consent to the amendment.
[2] There is no double jeopardy because the first proceeding was for an offense materially different from that on which the subsequent trial is based.
[3] Interestingly, Nash at 698-99, has the following to say on the subject:
 "[T]he purpose of the rule which requires that the allegations and the proofs must correspond, is that the opposite party may be fairly apprised of the specific nature of the questions involved in the issue. Formerly, the rule in that respect was applied with great strictness, but the modern decisions are more liberal and reasonable. Decided cases may be found, unquestionably, where it has been held that very slight differences were sufficient to constitute a fatal variance. Just demands were often defeated by such rulings until the Parliament interfered, in the parent country, to prevent such flagrant injustice.
". . . .
 Recent statutes in the States also confer a liberal discretion upon courts in allowing amendments to pleadings, and those statutes, together with the change they have superinduced in the course of judicial decision, may be said to have established the general rule in the State tribunals that no variance between the allegations of a pleading and the proofs offered to sustain it, shall be deemed material, unless it be of a character to mislead the opposite party in maintaining his action or defense on the merits.
 "Irrespective of those statutes, however, no variance ought ever to be regarded as material where the allegation and proof substantially correspond. [Emphasis added.]"
[4] The defendant, then, due to the prosecutor's error, would find himself forever scot-free from prosecution for that offense.
[5] The dicta to which we refer would lead one to believe that unless the actual indictment was amended by writing on it or crossing something out, then an amendment has not occurred, notwithstanding what may have transpired verbally in court as reflected in the court reporter's transcription of the proceedings. Such a holding would be at variance with what all the parties, and the trial judge, intended and believed to be the composition of the indictment.